**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1579**

---

OVIS MATAMOROS CANALES, on behalf of himself and all others similarly situated,

      Plaintiff - Appellant,

    v.

OPW FUELING COMPONENTS LLC,

      Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge; Robert T. Numbers, II, Magistrate Judge. (5:22-cv-00459-BO-RJ)

---

Submitted:  December 12, 2024            Decided:  December 20, 2024

---

Before WILKINSON and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**ON BRIEF:**  Gilda A. Hernandez, Hannah B. Simmons, Matthew S. Marlowe, LAW OFFICES OF GILDA A. HERNANDEZ, PLLC, Cary, North Carolina, for Appellant. David I. Klass, FISHER & PHILLIPS LLP, Charlotte North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ovis Matamoros Canales filed a class action complaint against his former employer, OPW Fueling Components LLC ("OPW"), for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (Count 1), and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 to -25.25 (2023) (Count 2).  His complaint also included individual claims for an alleged violation of the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. §§ 95-240 to -245 (2023) (Count 3), intentional infliction of emotional distress (Count 4), and wrongful discharge (Count 5).  Counts 3 through 5 were based, in part, on allegations about the death of one of Canales's coworkers at OPW, Narcisco Solis.

OPW sent Canales's counsel a letter accompanied by a draft motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2).  OPW advised that several of the allegations related to Solis's death were inaccurate and that it would move for sanctions if Canales did not withdraw those factual allegations and Counts 3 through 5 within 21 days.  The next day, Canales filed his First Amended Complaint.  Because Canales failed to correct some of the factual allegations related to Solis's death and did not withdraw Counts 3 through 5, OPW sent Canales's counsel another letter and a draft motion for sanctions pursuant to Rule 11(c)(2).  OPW again warned that it would move for sanctions if Canales did not withdraw the false allegations and Counts 3 through 5 within 21 days.  Canales did not amend his complaint.  Accordingly, OPW moved for sanctions, requesting dismissal of Counts 3 through 5 and an order directing Canales to pay OPW's reasonable fees and expenses related to the motion.

2

The magistrate judge granted OPW's motion for sanctions in part. The magistrate judge declined to dismiss any of Canales's claims but barred him from relying on certain factual allegations related to Solis's death. The magistrate judge also ordered Canales's counsel to pay OPW's reasonable fees and expenses related to the motion, up to $10,000. Canales moved for reconsideration under Federal Rule of Civil Procedure 54(b). The district court denied the motion. And Canales now seeks to appeal that order and the magistrate judge's original order granting OPW's motion for sanctions in part.[*]

The orders Canales seeks to appeal are not final orders. *See Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021) ("A final, appealable decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks omitted)). Canales, however, argues that we have jurisdiction to consider his appeal under Rule 54(b).

In addition to providing authority for district courts to reconsider nonfinal decisions, "Rule 54(b) provides a vehicle by which a district court can certify for immediate appeal a judgment that disposes of fewer than all of the claims or resolves the controversy as to fewer than all of the parties." *Hunter v. Town of Mocksville*, 789 F.3d 389, 402 (4th Cir. 2015) (internal quotation marks omitted). Specifically, the rule provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more,

---

[*] Although the district court has stayed its order denying Canales's motion for reconsideration, the litigation continues. Among other developments, Canales has filed a Second Amended Complaint.

3

but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).    Accordingly, "[i]n certifying a judgment for appeal under Rule 54(b), the district court must first determine whether the judgment is final and second, determine whether there is no just reason for the delay in the entry of judgment." *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (internal quotation marks omitted).   A judgment is "final" within the meaning of Rule 54(b) if "it is an ultimate disposition of an individual claim entered in the court of a multiple claims action." *Id.* (internal quotation marks omitted).  "In determining whether there is no just reason for the delay in the entry of judgment, the district court [must] conduct a case-specific inquiry, keeping in mind that this inquiry is tilted from the start against the fragmentation of appeals." *Id.* at 874 (cleaned up).

Here, the district court did not certify the orders for immediate appeal under Rule 54(b).  Nor could it because the orders did not resolve any claims between the parties. In denying Canales's motion for reconsideration, the district court affirmed the magistrate judge's award of sanctions, which did not resolve any claims but, instead, prohibited Canales from relying on certain factual allegations when asserting his claims.  Because it did not enter a final judgment resolving any claims between the parties, the district court necessarily did not find that there was no just reason for delaying the entry of a final judgment.  Finally, even if Rule 54(b) certification were appropriate, we may not divine the district court's intent from the record, as Canales contends.  Rather, we require a district

4

court to "state [its] findings on the record or in its order" when certifying an order for immediate appeal under Rule 54(b). *Id.* (internal quotation marks omitted).

Accordingly, we dismiss this interlocutory appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*